UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LOL FINANCE CO.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br>STEVEN CHRISTIAN ENGER,<br>CHRISTOPHER STEVEN ENGER, and<br>DARLA MAE ENGER,<br><br>　　　　　Defendants. | 4:20-CV-04158-KES<br><br><br><br>ORDER DENYING<br>DEFENDANTS' MOTION TO DISMISS |

Plaintiff, LOL Finance Co. (LOLFC), brought suit against defendants Steven Christian Enger, Christopher Steven Enger, and Darla Mae Enger (the Engers) seeking a money judgment for breach of contract. Docket 15. Steven Enger and Darla Enger move to dismiss the lawsuit for failure to state a claim, and Christopher Enger joins the motion to dismiss.[1] Dockets 12, 14. LOLFC opposes the motion to dismiss. Docket 16. For the following reasons, the court grants the motion to join and denies the motion to dismiss.

**FACTUAL BACKGROUND**

The facts alleged in the complaint, accepted as true, are as follows:

LOLFC is a Minnesota corporation with its principal place of business in Arden Hills, Minnesota. Docket 15 ¶ 1. LOLFC provides loans to agricultural

---

[1] Christopher Enger's motion to join the motion to dismiss of Steven Christian Enger and Darla Mae Enger is unopposed. Thus, the motion to join is granted.

producers, including crop producers. *Id.* ¶ 7. The Engers, individually and through their general partnership, Enger Farms General Partnership (Enger Farms), are or were in the business of raising crops. *Id.* ¶ 8.

On March 25, 2019, LOLFC entered into a Loan Agreement with the Engers and Enger Farms for the principal sum of $250,000 plus interest at the rate of 2.5% per year, to be paid in full by February 1, 2020. *Id.* ¶ 9; Docket 15-1. The Loan provides that all products purchased by the Engers "with loan proceeds will be used exclusively for commercial farming and agricultural purposes." Docket 15-1 at 1. It also states that if the Engers and Enger Farms default, "[LOLFC] shall have all remedies available to it at law or equity, including all of the remedies as to the Collateral of a secured party under the Uniform Commercial Code, including which shall permit [LOLFC] to demand immediate payment of all Obligations . . . ." *Id.* at 3. Collateral to secure the Loan Agreement included a security interest in all crops, everything involved with growing crops, and cash and non-cash proceeds from the sale or exchange of any of the collateral. *See id.* at 2.

On November 21, 2019, Enger Farms filed a petition for Chapter 12 bankruptcy in the United States Bankruptcy Court for the District of South Dakota. Docket 15 ¶ 13. "[A]ll action to collect the Loan from Enger Farms has been stayed under 11 U.S.C. § 362(a)(1)." *Id.*

Enger Farms failed to pay the principal and interest due under the Loan Agreement on or before February 1, 2020. *Id.* ¶ 11. On September 4, 2020, LOLFC sent the Engers and Enger Farms a letter, "notifying them of their

2

defaults and demanding payment of all amounts due under the Loan on or before September 18, 2020." *Id.* ¶ 14.

In its Complaint, LOLFC claims that the Engers failed and refused to pay the amounts due under the loan, breaching their contract. *Id.* ¶ 21. LOLFC seeks to recover the principal amount of $250,000, plus interest, attorney fees, and costs. *Id.* ¶ 23-25. On December 21, 2020, Steven Enger and Darla Enger filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docket 12. Christopher Enger moves to join the motion. Docket 14.

## LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a claim if the claimant has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks and citation omitted). "If a plaintiff

cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008).

Because this case arises under diversity jurisdiction, the court relies on South Dakota's substantive law and federal procedural law. *Great Plains Tr. Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

## DISCUSSION

The Engers argue that LOLFC failed to comply with SDCL § 54-13-10 before commencing the present action. Docket 13 at 2. SDCL § 54-13-10 states:

> A creditor desiring to commence an action or a proceeding in this state to enforce a debt totaling fifty thousand dollars or greater against agricultural land or agricultural property of the borrower or to foreclose a contract to sell agricultural land or agricultural property or to enforce a secured interest in agricultural land or agricultural property or pursue any other action, proceeding or remedy relating to agricultural land or agricultural property of the borrower shall file a request for mandatory mediation with the director of the agricultural mediation program. No creditor may commence any such action or proceeding until the creditor receives a mediation release as described in this chapter, or the debtor waives mediation or until a court determines after notice and hearing, that the time delay required for mediation would cause the creditor to suffer irreparable harm because there are reasonable grounds to believe that the borrower may waste, dissipate, or divert agricultural property or that the agricultural property is in imminent danger of deterioration. . . .

Essentially, SDCL § 54-13-10 is comprised of four limited circumstances that require a creditor to file a request for mediation. *See* Docket 16 at 3-4. In all four circumstances, a creditor recovers a debt by enforcement of a security interest. *Id.*

The Engers contend that under SDCL § 15-16-7, a judgment attaches to a defendant's real property after it has been docketed. Docket 13 at 2. They argue this includes any agricultural land and agricultural property a defendant owns, thus requiring mediation under SDCL § 54-13-10. *Id.*; *see* SDCL § 15-16-7.

LOLFC claims that SDCL § 54-13-10 is inapplicable and the parties are not required to complete mediation before commencing suit to obtain a money judgment. Docket 16 at 1. LOLFC states that it seeks a money judgment against the Engers based on their loan default, but that "[i]t does not seek to enforce a debt against agricultural land or agricultural property, foreclose a contract to sell agricultural land or agricultural property, enforce a secured interest in agricultural land or agricultural property or pursue any other action, proceeding or remedy relating to agricultural land or agricultural property." *Id.* It argues that while the Loan Agreement requires the Engers to use the loan proceeds for agricultural purposes, the Loan Agreement does not require that LOLFC enforce a debt against secured collateral in the event of default. Docket 15-1 at 3. Because LOLFC is seeking money damages for the Engers' breach of contract under the Loan Agreement, LOLFC argues that SDCL § 54-13-10 does not apply. Docket 16 at 1.

Here, LOLFC is seeking a money judgment against the Engers for their default. LOLFC is not attempting to enforce a debt against agricultural land or agricultural property of the borrower or to foreclose a contract to sell agricultural land or agricultural property or to enforce a secured interest in

5

agricultural land or agricultural property or pursue any other action, proceeding or remedy relating to agricultural land or agricultural property of the borrower. As a result, SDCL § 54-13-10 does not apply.

If LOLFC had obtained a judgment in state court, under SDCL § 15-16-7 the judgment, once docketed with the clerk of the circuit court, would immediately be a lien on all the real property in the county where the judgment was docketed. But here, LOLFC is seeking a federal judgment. Under SDCL § 15-16-29, a federal judgment does not become a lien on real property until the judgment is filed and docketed with the circuit courts of South Dakota. As a result, LOLFC is not attempting to enforce a debt or pursue any type of remedy against agricultural land or agricultural property by seeking a money judgment. Once the judgment is obtained, however, LOLFC must comply with SDCL § 54-13-10 before it can docket its judgment with the clerk of a South Dakota circuit court in any county where the Engers have agricultural land or agricultural property. Otherwise, they may be in violation of SDCL § 54-13-10.

Even if the court found that SDCL § 54-13-10 did apply here, the South Dakota Supreme Court has held that SDCL § 54-13-10 is not jurisdictional in nature and a creditor's failure to file a mediation request does not warrant dismissal. *Walsh v. Larsen*, 705 N.W.2d 638, 641-43 (S.D. 2005). Thus, the court denies the Enger's motion to dismiss.

## CONCLUSION

The Engers have failed to establish that mandatory mediation under SDCL § 54-13-10 applies to LOLFC's breach of contract suit. Thus, it is

ORDERED that the motion to join (Docket 14) is granted and the motion to dismiss (Docket 12) is denied.

DATED this 17th day of June, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE